# BALTIMORE CITY COURT.

Filed June 20, 1927.

PAULINE FINE, INFANT, ET AL.,
VS.
UNITED RAILWAYS & ELECTRIC COMPANY AND SOUTHERN MOTOR TRANSFER CORPORATION.

*Meyer Reamer* for plaintiffs.
*Edward J. Colgan, Jr., Webster C. Tall* and *Ogle Marbury* for defendants.

FRANK, J.—

There can be no doubt but that, as respects a passenger injured in a collision, the carrier is liable for injury, if its employees might, in the exercise of the highest degree of care and caution, have avoided the collision. This rule applies where a collision is caused by the concurrent negligence of the Street Railways Company and another vehicle. 10 C. J. 970.

This is the rule of responsibility laid down in all the Maryland cases and is generally the law. In the case at Bar, the plaintiff passenger asked for no such instruction. Such an instruction, however, was requested by the Southern Motor Transfer Corporation, and was refused on the ground that, as between it and the Railways Company, the question of varying degrees of care due to the passenger, could not properly be raised by the Transfer Corporation.

At the hearing of the motion for a new trial, the provisions of the Act

of 1927, Chapter 539, were relied on as rendering the above ruling erroneous. This Act went into effect on June 1, 1927, and the trial of this case began on June 7th. At the trial, it apparently occurred to no one that this Act of the Legislature could have any bearing. In effect, it provides that where a judgment has been entered against two or more joint defendants in an action *ex delicto* such defendants shall be subject to contribution between them; that the judgment debt or paying the amount of the judgment shall be entitled to an assignment thereof and to exact from his co-defendants contribution to the extent of the *pro rata* share of the non-contributing defendants in said judgment debt.

As the judgment to be entered in this case would necessarily be so entered subsequent to the effective date of this Act, it is apparently applicable to this case. The effect of the Act is obviously to give to each of the several co-defendants in an action *ex delicto* a substantial interest in fastening at least joint liability upón his co-defendants. He will, therefore, be harmfully affected by the refusal to grant an instruction which properly sets forth the measure of responsibility of such co-defendants. Prior to the passage of this Act, he had no such interest, because if himself held liable he could not exact contribution from his co-defendants. Now he has that right and he manifestly can enforce that right only by securing proper instructions to the jury as to the responsibility of his co-defendants.

This conclusion requires me to grant the motion for a new trial filed by the Southern Motor Transfer Corporation herein. I regretfully reach this conclusion because I think that the verdict of the jury in this case, exonerating the Railways Company and imposing sole responsibility upon the Transfer Corporation, was a proper verdict, and my action in setting it aside imposes upon the innocent plaintiff the burden and expense of a new trial. This is particularly unfortunate in view of the statement of the plaintiff's counsel at the hearing upon the motion that the plaintiff was entirely satisfied with the verdict and did not want to see it set aside.

The motion for a new trial will be granted.